## SUPREME COURT.

### ·ATKINSON agt. COLLINS.

Where, in an action for work and labor, there is a *special contract* between tho parties, if not completed or executed, as to its terms, the plaintiff should state it, or refer to it in his complaint; if he does not, the defendant has a right to set it up, and urge it in his defence.

Whether, under the Code, where the special contract is *executed*, the plaintiff may declare *generally* for whatever is alleged to be due for the work, labor and services, without any reference to the contract, as under the former system of pleading, *quære?*

*New-York General Term, Nov.,* 1859.

By the court—CLERKE, Justice. This action was brought to recover for work and labor performed by plaintiff for defendant, in painting ward school No. 34, in the city of New-York. The defendant had made a contract with the school officers of the 13th ward, to furnish and provide all the carpenter's work and materials for the erection and completion of four wings, and other alterations inside of the main building of said school, including painting and other work; and it was in consequence of this contract that the defendant employed the plaintiff as a sub-contractor for a portion of the work.

The defence set up that the work was done under a special contract, and that the work had never been accepted by the superintendent of the school buildings, or by the school officers of the ward.

There was a claim for extra work, for which the jury rendered a verdict; but, for the work referred to in the contract between plaintiff and defendant, nothing was allowed—the judge deciding that the only question of fact he should submit to the jury was as to the extra work.

The general rule is, that evidence of services performed under a special agreement will not maintain a general count for work, labor, and services; but where the terms of a special agreement are consummated—in other words, where it is what the law calls *executed*—an obligation arises, for which what was formerly known as a general indebitatus, assumpsit will lie—that is, where the contract is executed, it would not have been necessary to declare specially on the contract, but the plaintiff may declare generally, for whatever was alleged to be due for the work, labor, and services, without any reference to the contract.

Whether this rule applies now—whether, even if the terms of the contract are completed, the plaintiff can allege a general demand, without any reference to the contract, is very questionable. The Code, which is generally deemed to have relaxed the rules of pleading, requires, in many instances, a

strictness unknown to pleading in its degenerate days—its provision neutralized by the " general issue," and the other laxities, existing at the time of the introduction of the Code. For example, the Code (§ 142) requires that the complaint shall contain a plain and concise statement of the facts constituting a cause of action. Now, where there is an agreement to perform certain work, whether the terms of that agreement have been completed or not, it would seem that the agreement is one of the essential facts, constituting the cause of action, and should, it may with great plausibility be urged, be contained, in all cases, in the complaint. But it is, probably, unnecessary to discuss this question at present. We shall consider this case as if the Code had not introduced a rule stricter than that which prevailed under the old system.

If, then, there was a special contract between the plaintiff and defendant, and if it was not completed or executed as to its terms, the plaintiff, according to the rule under that system, ought to have stated it, or referred to it in his complaint, and not having done so, the defendant had a right to set it up, and to urge it in his defence. It is not denied that a special contract had been duly executed between the plaintiff and defendant, and that it provided, when the graining was done, the plaintiff should receive $165 (one-half), and when the whole was completed, and accepted by the superintendent of school buildings, and the school officers of the 13th ward, the plaintiff should receive the remaining $165.

It was very important to the defendant that the agreement should contain this provision or condition, because his agreement with the school officers contained one precisely identical; so that, until the superintendent of school buildings and the school officers accepted the work, the defendant would not be in funds to pay his sub-contractors. The evidence clearly shows, that the work performed by the plaintiff for the defendant never was accepted by those authorities, and that, consequently, the terms of the agreement were not completed or executed. The plaintiff, then, was properly nonsuited as to the work comprised within the contract—the judge having

refused to submit.any question in relation to that work to the jury, on the ground that the complaint did not refer to it.

If, indeed, the complaint alleged the contract, there might have been a question of fact for the jury; and that question would be, did the superintendent of school buildings and the school officers accept the work?

But, under the pleadings in the action, the judge was right in not submitting that question to them, and, in effect, dismissing the complaint, as to the work under the contract. The judgment should be affirmed, with costs.